# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| LUMENCO, LLC, | § |
| | § |
| *Plaintiff*, | § |
| | § |
| v. | § CIVIL CASE NO. 2:23-CV-00100-JRG |
| | § |
| GIESECKE+DEVRIENT GMBH, | § |
| GIESECKE+DEVRIENT CURRENCY | § |
| TECHNOLOGY GMBH, AND | § |
| PAPIERFABRIK LOUISENTHAL GMBH, | § |
| | § |
| *Defendants*. | § |
| | § |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants Giesecke+Devrient GmbH, Giesecke+Devrient Currency Technology GmbH, and PapierFabrik Louisenthal GmbH's (collectively, "Defendants") Motion for a Protective Order Permitting Review of BEP-Related Documents Under 31 C.F.R. 1.11 (the "Defendants' Motion for Protective Order") (Dkt. No. 37), Defendants' Motion for an Amended Protective Order Permitting Review of BEP-Related Documents Under 31 C.F.R. 1.11 (the "Defendants' Motion for Amended Protective Order") (Dkt. No. 45) (together, the "Defendants' Motions"), and Plaintiff Lumenco, LLC's ("Plaintiff") Motion to Compel Defendants to Produce Jurisdictional Discovery (the "Plaintiff's First Motion to Compel") (Dkt. No. 38), and Plaintiff's Motion to Compel Defendants to Produce Discovery on the Merits ("Plaintiff's Second Motion to Compel") (together, the "Plaintiff's Motions").[1] Having considered the Motions and related briefing and argument, the Court is of the opinion that the Defendants' Motions (Dkt. Nos. 37, 45)

---

[1] The Court considers all Motions together because they concern the same documents and testimony. The Court notes that Plaintiff's Second Motion to Compel is not yet fully briefed, but includes discussion of the Plaintiff's Second Motion to Compel in this Order because it is ultimately carried.

should be and hereby are **GRANTED-AS-MODIFIED**. As a result, the Court **CARRIES** Plaintiff's Motions to Compel (Dkt. No. 38, 50).

I.   **BACKGROUND**

On March 10, 2023, Plaintiff filed suit against the Defendants, alleging infringement of four patents.[2] (*See* Dkt. No. 1.) Plaintiff accuses Defendants' "Galaxy" brand security threads of patent infringement, specifically averring that "Defendants . . . have entered into contracts or agreements . . . with the United States government to test Accused Products," or otherwise "entered into contracts or agreements…with the United States government…[for] stamps utilizing micro mirror technologies substantively similar to Galaxy® branded micro mirror products…for inclusion in United States banknotes." (Dkt. No. 15 at ¶¶ 64–65.) According to Plaintiff, Defendants "caused a [*sic*] OptiNota and/or a NotaFoil machine to be installed in the Fort Worth, Texas offices of the BEP[.]" (*Id.* at ¶ 61.)

On June 28, 2023, Defendants filed the Motion to Dismiss the Second Amended Complaint for Lack of Personal Jurisdiction and Failure to State a Claim ("Defendants' Motion to Dismiss"), arguing that 28 U.S.C. § 1498(a) bars patent infringement allegations against Defendants premised on anti-counterfeiting features sold to the U.S. government. (Dkt. No. 18 at 13; *see also* Dkt. No. 37 at 2.) On July 12, Plaintiff filed an unopposed motion for leave to conduct limited and expedited jurisdictional discovery related to Defendants' Motion to Dismiss (Dkt. No. 24), which was granted by Order of this Court the next day (Dkt. No. 25). The Court granted Plaintiff leave to conduct jurisdictional discovery limited to "Defendants' contacts with and within Texas." (Dkt. No. 25.) Plaintiff then served Defendants with a set of Special Requests for Production and Special

---

[2] United States Patent Nos. 10,317,691, 10,189,294, 10,901,191, and 11,448,863 (the "Asserted Patents"). (Dkt. No. 15 at 1–2.)

Jurisdictional Interrogatories. (Dkt. No. 38 at 3–4.) Defendants objected pursuant to 31 C.F.R. § 1.11. (*Id.*)

On September 15, 2023, Defendant filed their Motion for a Protective Order, requesting that the Court enter a protective order to permit Defendants' "employer in the United States," the Bureau of Engraving and Printing (the "BEP"), a 30-day extension for review and production of BEP-related documents and testimony in accordance with 31 C.F.R. 1.11 ("Section 1.11"). (Dkt. No. 37 at 1.)

Subsequently, Plaintiff filed its First Motion to Compel concerning the same documents, arguing that Section 1.11 does not shield private litigants like Defendants from producing relevant discovery in litigation.[3] (*See* Dkt. No. 38 at 1; *see also* Dkt. No. 40.) In particular, Plaintiff requests that the Court compel Defendants to produce documents and answer interrogatories concerning: "(1) Defendants' work with the BEP, located in Fort Worth, Texas; (2) Defendants' attendance at the [Banknote Conference 2018 ("2018 Conference")] in Dallas, Texas, and (3) Defendants' other contacts in the State of Texas related to the Accused Products." (Dkt. No. 38 at 1.) Defendants oppose Plaintiff's Motion to Compel. (Dkt. No. 42.)

On October 11, 2023, the Defendants filed a Motion for an Amended Protective Order Permitting Review of BEP-Related Documents Under Section 1.11, requesting that the same relief sought in their original Motion for Protective Order be extended for on additional month. (Dkt. No. 45 at 2.) The Defendants' Motion to Dismiss has since been fully briefed. (*See* Dkt. No. 46.) On October 25, 2023, Plaintiff filed its Second Motion to Compel, requesting relief with regard to merits discovery. (Dkt. No. 50.)

---

[3] Plaintiffs moved for leave to file a reply brief in support of its Motion to Compel, which was unopposed by Defendants. (*See* Dkt. Nos. 44, 47.) The Court granted Plaintiff leave to file a reply brief. (Dkt. No. 48.)

3

## II.   LEGAL STANDARD

"Federal Rule of Civil Procedure 26(c) allows courts, for good cause, to enter a protective order to limit production of, in addition to who can view, trade secrets or other confidential research, development, or commercial information." *ReedHycalog UK, Ltd. v. Baker Hughes Oilfield Ops., Inc.*, 251 F.R.D. 238, 246 (E.D. Tex. 2008). The producing party may show good cause by establishing that the information is confidential and "demonstrat[ing] that its disclosure would cause an identifiable, significant harm." *Stone Connection, Inc. v. Simpson*, 2008 WL 1927033, at *1 (E.D. Tex. Apr. 28, 2008).

## III.   ANALYSIS

### A. The Court Has the Power to Compel Defendants to Produce the Materials in Question.

Section 1.11, the center of the controversy here, provides the policies and procedures of the BEP regarding the testimony or production of records in a court or other proceeding. *See* 31 C.F.R. 1.11. In general, the regulations provide that no current or former employee of the BEP shall produce BEP documents, provide testimony relating to BEP documents, or disclose information or produce materials acquired as part of the performance of that employee's official duties or status, without prior authorization of the General Counsel of the BEP or other agency counsel. *Id.* at 1.11(c).

In Defendants' view, Section 1.11 was enacted to ensure appropriate safeguards upon information impacting national security; Defendants argue that there should be no release of such documents prior to BEP approval of disclosure in accordance with Section 1.11, which they assert they qualify as "employees" under.[4] (*Id.*; *see also* Dkt. No. 38 at 4.) Defendants emphasize that the BEP has explicitly objected to release of the documents sought by Plaintiff prior to its own

---

[4] Under Section 1.11, "employee" includes contractors. 31 C.F.R. § 1.11(b)(5).

approval of such disclosure. (Dkt. No. 37-1 at 1 (BEP noting that "At this time, BEP objects to release of these documents for the reason that the procedures in 31 C.F.R. § 1.11(d) have not been followed as required.").) Defendants argue that Plaintiff will not be prejudiced by the brief delay sought by the Defendants, as the case is still in its earliest stages. (Dkt. No. 37 at 1.) Further, Defendants insist that they do not seek to permanently bar access to any relevant materials or testimony[5], requesting only an additional month for the BEP to review the materials in question. (Dkt. No. 37 at 1; Dkt. No. 45 at 2.) They argue that the documents sought are extremely sensitive; indeed, Defendants assert that "[i]n the wrong hands, the materials in question provide detailed steps for the production of counterfeit US currency that is completely indistinguishable from the real thing." (Dkt. No. 37 at 1.)

Plaintiff responds that Defendants' position that certain information in their possession is immune from discovery because they relate to Defendants' work with the BEP is unsupported. (Dkt. No. 38 at 1.) Plaintiff argues that Section 1.11 only concerns procedures for requesting documents and testimony *directly* from a federal agency, not from private litigants with undisputed actual possession of such information. (*Id.*, emphasis in original.) Plaintiff persuasively contends that an agency's *Touhy* regulations (such as Section 1.11) are not a valid basis to withhold discovery. (*Id.* at 1–2.) Moreover, Plaintiff cites authority holding that such regulations do not overrule the Federal Rules of Civil Procedure ("FRCP") when the information sought is in a defendant's possession. (*Id.* at 2.)

Plaintiff points to *In re Bankers Trust Co.*, to support its argument that Section 1.11 does not supersede Defendants' discovery obligations under the FRCP. 61 F.3d 465 (6th Cir. 1995). In

---

[5] Plaintiff seeks a Rule 30(b)(6) deposition of Manfred Heim, and Defendants assert Plaintiff has refused delay in the deposition date to accommodate production of BEP documents. (Dkt. No. 37 at 1; 1 n.1.) In response, Plaintiff contends that Defendants pulled their witness two days before the deposition was scheduled to occur (September 15, 2023) on the "manufactured grounds that jurisdictional discovery ended on September 11, 2023." (Dkt. No. 38 at 2.)

5

that case, the Sixth Circuit faced a similar regulation promulgated by the Federal Reserve Board. *Id.* at 470. There, the defendant sought a writ of mandamus seeking to vacate a district court order compelling defendant to produce documents relating to regulatory reports of examination regarding the defendant's business. *Id.* The defendant argued that the documents could not be disclosed without the Federal Reserve's permission both under the Federal Reserve regulations and due to the Federal Reserve's ownership of the documents. *Id.* at 467–68. First, the Sixth Circuit disposed of the defendant's "ownership" argument, finding that the defendant's possession and control of the documents was enough to make those documents discoverable regardless of actual ownership.[6] *Id.* at 469.

Next, the Sixth Circuit squarely addressed the question of whether a regulation analogous to Section 1.11 should be given effect when in conflict with the FRCP with respect to a district court's authority, under the Federal Rules, to control discovery. *See id.* at 469–70. In concluding that Congress did not empower the Federal Reserve to prescribe regulations that direct a party to deliberately disobey a court order or other judicial mechanism requiring the production of information, the Sixth Circuit stated:

> We are confronted, however, with a situation in which the Board's regulations conflict with the Federal Rules of Civil Procedure with respect to a district court's authority, under the Federal Rules, to control discovery. Rule 34, as enforced through Rule 37, clearly authorizes the district court to order [defendant] to turn over those documents in its possession while the Board's regulations specifically prohibit such a disclosure.…
>
> Moreover, we find no compelling reason to discard the relatively straightforward discovery methods outlined in the Federal Rules of Civil Procedure simply because the [agency] has attempted to mandate a different procedure. It seems illogical to this court to require [plaintiff] to initiate the much more cumbersome procedure of serving a subpoena on the [federal agency] in Washington, D.C. simply to enable [plaintiff] to obtain the same documents that defendant [] possesses.

---

[6] The Sixth Circuit noted that "parties in possession of documents forwarded to them by a federal agency have 'possession, custody or control' within the meaning of Rule 34, notwithstanding the fact that the agency by regulation retains ownership and restricts disclosure." *Bankers Trust*, 61 F.3d at 469.

*Id.* at 470–71. The *Bankers Trust* Court explained that the statutory authorities upon which the Federal Reserve relied—including 5 U.S.C. § 301, the "most specific" of the statutes pointed to—simply did not give it power to promulgate regulations in direct contravention of the FRCP.[7] *Id.* at 470.

The Court finds *Bankers Trust* instructive here. Indeed, Plaintiff points out that Section 1.11 was enacted pursuant to 5 U.S.C. § 301, just as the Federal Reserve regulation in *Bankers Trust* was.[8] Defendants do not dispute this. Like the Sixth Circuit case, Defendants here do not dispute that the relevant documents and information are within their custody, possession, and control. (*See* Dkt. No. 38-1 at 3 ("We confirm that relevant and responsive documents were collected and presented to BEP for approval of disclosure in this lawsuit.").) Thus, even if the Defendants were covered "contractors" under Section 1.11, the Court finds that the BEP was not empowered by Congress to prescribe regulations that direct a party to deliberately disobey a court order requiring the production of information. *See Bankers Trust*, 61 F.3d at 470.

Defendants argue that Plaintiff's authority contradicts its own position. (Dkt. No. 42 at 1.) Defendants point out that in *Bankers Trust*, the Sixth Circuit ultimately determined that "the district court on remand must provide the Federal Reserve with notice and allow the Federal Reserve the opportunity to intervene." (*Id.*, citing 61 F.3d at 472.) They argue that even those "courts that do not require administrative exhaustion agree that an agency 'must be allowed the opportunity to assert the privilege and the opportunity to defend its assertion.'" (Dkt. No. 42 at 6, quoting *In re JPMorgan Chase Mortg. Modification Litig.*, 2012 U.S. Dist. LEXIS 100750, at *6

---

[7] The Sixth Circuit noted that 5 U.S.C. § 301 "is nothing more than a general housekeeping statute and does not provide 'substantive' rules regulating disclosure of government information." *Bankers Trust*, 61 F.3d at 470 (citing *Exxon Shipping Co. v. U.S. Dep't of Interior*, 34 F.3d 774 (9th Cir. 1994).)

[8] "The Department of Treasury promulgated the regulations codified in 31 C.F.R. §1.11 pursuant to 5 U.S.C. § 301." (Dkt. No. 38 at 1 n.1, citing *United States v. Meredith*, 1998 U.S. Dist. LEXIS 21925, at *4-5 (D. Kan. Dec. 15, 1998).)

(N.D. Tex. June 5, 2012) (quoting *Bankers Trust*, 61 F.3d at 472).) However, upon cursory review, it is clear in these cases that the agencies' opportunity to review document production and intervene was premised on a different ground entirely—the "bank examiners privilege," which is not asserted nor applicable here.[9]

Defendants cite a number of cases they assert support their position that the parties must follow an agency's *Touhy* regulations before document production.[10] (Dkt. No. 37 at 4–5.) In *Erhart v. Bofi Holding, Inc.*, the defendant cited *In re Countrywide Financial Corp.*, *Raffa*, *Painewebber*, and *Bay Bank* to support the same position that Defendants proffer here. *Erhart*, 2018 WL 5994417, at *3–4 (S.D. Cal. Nov. 15, 2018). The *Erhart* Court, upon examination of each of these cases, noted that "those cases did not go through the detailed analysis of whether the regulations promulgated by the [relevant agency] could override the Federal Rules—rather, those cases simply applied the C.F.R. regulations without question." *Id.* at *4. That court concluded that the agency regulations by themselves are insufficient to override the discovery procedures in the Federal Rules. This Court remains persuaded by the reasoning in *Bankers Trust*.

Accordingly, the Court finds that Section 1.11 alone is not a proper basis for Defendants to withhold court-ordered discovery.

### B. The Relief Requested Is Reasonable Under the Circumstances.

---

[9] *See, e.g., Bankers Trust*, 61 F.3d at 472 ("The bank examination privilege belongs to the Federal Reserve, and therefore, where a claim of privilege is appropriate, the Federal Reserve must be allowed the opportunity to assert the privilege and the opportunity to defend its assertion."); *Erhart v. Bofi Holding, Inc.*, 2018 U.S. Dist. LEXIS 195362, at *14-15 (S.D. Cal. Nov. 15, 2018) ("[T]he parties are obligated to seek input from the OCC **as to documents covered under the bank examination privilege**…") (language omitted by Defendants emphasized); *JPMorgan*, 2012 U.S. Dist. LEXIS 167966, at *5-7, n. 1 (D. Mass. Nov. 27, 2012) (discussing the bank examination privilege).

[10] *Am. Sav. Bank v. Painewebber Inc.*, 210 F.R.D. 721, 722 (D. Haw. 2001); *Colonial Sav. & Loan Asso. v. St. Paul Fire & Marine Ins. Co.*, 89 F.R.D. 481, 483 (D. Kan. 1980); *In re Countrywide Fin. Corp. Sec. Litig.*, 2009 U.S. Dist. LEXIS 120590, at *4–6 (C.D. Cal. Dec. 28, 2009); *Raffa v. Wachovia Corp.*, 242 F. Supp. 2d 1223, 1225 (M.D. Fla. 2002); *Bay Bank v. Order of Magnitude*, 2007 U.S. Dist. LEXIS 16241, at *6 (W.D. Wash. Mar. 7, 2007).

Control of discovery is committed to the sound discretion of the trial court. *In re Southern Recycling, L.L.C.*, 982 F.3d 374, 386 (5th Cir. 2020) (citing *Williamson v. U.S. Dep't of Agric.*, 815 F.2d 368, 382 (5th Cir. 1987)). Although the Court finds that Section 1.11 is not a proper basis for Defendants to withhold relevant and court-ordered discovery, the Court is persuaded that the 30-day extension requested by Defendants in the Motion for Amended Protective Order is reasonable under the circumstances here. (*See* Dkt. No. 45.) As Defendants point out, the end of fact discovery is not until June 26, 2024, such that the modest delay requested will not prejudice Plaintiff. (Dkt. No. 29.) Further, the BEP's objection to production of the disputed materials, while not enough on its own to *prevent* court-ordered discovery, carries weight. (*See* Dkt. No. 37-1 at 1.) Defendants contend that they do "not seek[] to permanently bar access to any relevant materials or testimony[.]" (Dkt. No. 37 at 1.) The Court is persuaded that Defendants have demonstrated good cause for the limited extension.

Upon the date of the extended deadline, Defendants are required to confirm production of the requested BEP-related documents and testimony. If Defendants withhold documents based upon BEP objection to production of such documents, the Defendants will be required to furnish a detailed declaration from the BEP as to why such documents and information should be withheld. Unless the BEP clearly articulates good reason for the withholding of any objected-to material and the Court agrees with such reasoning, the Court will take up Plaintiff's Motions to Compel, and compel Defendants to produce any properly discoverable documents and testimony withheld by Defendants.

Lastly, because the Defendants' Motion to Dismiss was fully briefed before issuance of this Order, without the benefit of complete jurisdictional discovery, the parties are granted leave to submit further, limited briefing on the Motion to Dismiss.

## IV. CONCLUSION

Having considered Defendants' Motions and the related briefing, the Court is of the opinion that Defendants' Motions (Dkt. Nos. 37, 45) should be and hereby are **GRANTED-AS-MODIFIED**. Accordingly, it is **ORDERED** that the prior deadlines for jurisdictional discovery (*see* Dkt. No. 25) are **modified** as follows:

1. Jurisdictional discovery shall be completed within thirty (30) days of the issuance of this Order.

2. Plaintiff may conduct a 30(b)(6) deposition of Defendants limited to five (5) hours total on the record on or before the last day of the jurisdictional discovery deadline.

3. Plaintiff may submit supplemental briefing totaling five (5) pages within fourteen (14) days of an Order of the Court resolving the Plaintiff's Motion to Compel.

4. Defendant may submit supplemental briefing totaling five (5) pages within seven (7) days of the Plaintiff's filing of supplemental briefing, if any.

5. The foregoing discovery shall not count toward the discovery limits set forth in the Court's standing Discovery Order.

It is further **ORDERED** that, within **three (3) days** of the completion of jurisdictional discovery, Defendants shall confirm production in compliance with this Order via notice filed with the Court. In the case that Defendants withhold requested documents or testimony based upon an objection of the BEP, Defendants are **ORDERED** to furnish, at the same time as the notice, a detailed declaration from the BEP itself as to why such documents and/or testimony is withheld. Such declaration may be filed *in camera*.

The Court **CARRIES** Plaintiff's Motions to Compel (Dkt. No. 38, 50).

**So Ordered this**

**Oct 31, 2023**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE

11